<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4030**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

DAVID WILLIAMS,

                    Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  Andre M. Davis, District Judge.  (1:06-
cr-00591-AMD-1)

Submitted:  October 27, 2009          Decided:  November 23, 2009

Before KING, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Joanna Silver, Assistant
Federal Public Defender, Greenbelt, Maryland, for Appellant.
Rod J. Rosenstein, United States Attorney, James G. Warwick,
Assistant United States Attorney, Baltimore, Maryland, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a bench trial, David Williams was convicted of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006), and sentenced to 262 months in prison. Williams appeals, contending that his sentence is procedurally unreasonable because the district court miscalculated his guidelines range and treated the guidelines as mandatory. Finding his claims meritless, we affirm.

We review a sentence for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, __, 128 S. Ct. 586, 597 (2007). This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Id. In this case, Williams challenges only the procedural reasonableness of his sentence.

In determining whether a sentence is procedurally reasonable, we first assess whether the district court properly calculated the defendant's advisory guidelines range. Id. at 596-97. We then determine whether the district court failed to consider the 18 U.S.C. § 3553(a) (2006) factors and any arguments presented by the parties, selected a sentence based on "clearly erroneous facts," or failed to sufficiently explain the selected sentence. Id. at 597.

Williams asserts that the district court miscalculated his guidelines range because it incorrectly believed that it

could impose an obstruction of justice enhancement. However, the court did not apply such an enhancement. Therefore, Williams is not entitled to relief on this claim.

Williams also argues that his sentence is procedurally unreasonable because the district court treated the guidelines as mandatory by imposing a within-guidelines sentence after repeated remarks that the guidelines range was too long. This claim is belied by the record, which shows that the court also noted that Williams had earned that guidelines range and that a sentence within that range was necessary to satisfy the goals of sentencing under 18 U.S.C. § 3553(a).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3